14

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOYA JENEL PRITCHARD,
and WILLIAM DAVID CAMPBELL

Defendants.

_____/

Case: 2:26-cr-20292
Assigned To : Berg, Terrence G.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 5/19/2026
Description: IND USA V PRITCHARD ET AL (MRS)

Violations:

| 18 U.S.C. § 1349 | (Count 1) |
| 18 U.S.C. § 1343 | (Counts 2-7) |

## INDICTMENT

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

### The Small Business Administration and the CARES Act

1.      The United States Small Business Administration (SBA) was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.      As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders that had government-backed guarantees. The SBA also provided direct loans.

3.      In or around March 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was enacted to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. The CARES Act established several new programs and provided for expansion of others, including programs created and/or administered by the SBA.

The Paycheck Protection Program

4.      The Paycheck Protection Program (PPP) was a COVID-19 pandemic relief program administered by the SBA that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating lenders to approve and disburse SBA-backed PPP loans to qualifying businesses during the COVID-19 pandemic to be used for certain specified business expenses, such as payroll costs, costs

related to the continuation of group health care benefits, utilities, and lease/mortgage interest.

5.     To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, such as that the business was in operation and had employees for whom it paid salaries and payroll taxes. The PPP loan application also required the authorized representative to state the business's average monthly payroll and number of employees. These figures were used to calculate the amount of money the business was eligible to receive under the PPP. In addition, the business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

6.     PPP loan applications were electronically submitted and were received through SBA servers. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the participating lender to a financial account under the control of the business.

## The Economic Injury Disaster Loan Program

7.      The Economic Injury Disaster Loan (EIDL) program was an SBA program that provided loans to help qualifying small businesses that suffered substantial economic injury recover from declared disasters.

8.      The CARES Act extended eligibility to the SBA's EIDL program by providing loans and advances to help businesses recover from the economic impacts of the COVID-19 pandemic.

9.      To obtain an EIDL for COVID-19 relief, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenue for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. The applicant was also required to certify that all the information in the application was true and correct to the best of the applicant's knowledge.

10.      EIDL applications were submitted directly to the SBA. EIDL applications were received into a cloud-based platform, called Rapid Finance. The servers that handled EIDL applications were located in Iowa, Virginia, and Washington.

-4-

11. The SBA also offered EIDL advance funds, which did not need to be repaid, to certain eligible small businesses that were affected by the COVID-19 pandemic. The Targeted EIDL Advance provided up to $10,000 to applicants who, among other things, were in a low-income community, could demonstrate more than 30% reduction in revenue during an eight-week period beginning on March 2, 2020, or later, and had 300 or fewer employees. The Supplemental Targeted Advance provided a supplemental payment of $5,000 to applicants who, among other things, were in a low-income community, could prove more than 50% economic loss during an eight-week period beginning on March 2, 2020, or later, and had 10 or fewer employees.

<u>Purpose of the Scheme and Artifice to Defraud</u>

12. The purpose of the scheme and artifice to defraud was for the defendants, **TOYA JENEL PRITCHARD** and **WILLIAM DAVID CAMPBELL**, and others to unlawfully enrich themselves by obtaining Government loans to which they were not entitled or in amounts greater than that to which they were entitled and use the resulting funds for impermissible purposes.

-5-

## Manner and Means

13. As part of the scheme and artifice, **PRITCHARD** and **CAMPBELL** submitted and caused to be submitted applications for COVID-19 disaster loans that contained materially false and fictitious information.

14. As part of the scheme and artifice, **PRITCHARD** and **CAMPBELL** generated and submitted altered and fictitious bank statements and federal income tax returns in furtherance of the loan applications.

15. As part of the scheme and artifice, **PRITCHARD** and **CAMPBELL** falsely attested that information presented in loan applications, including the supporting documentation, was true and accurate.

16. As part of the scheme and artifice, **PRITCHARD and CAMPBELL** assisted others in submitting false and fraudulent loan applications.

17. As part of the scheme and artifice, when **PRITCHARD and CAMPBELL** assisted others in submitting false and fraudulent loan applications, **PRITCHARD and CAMPBELL** required the applicant to pay them a percentage of the resulting loan proceeds.

## COUNT 1
### 18 U.S.C. § 1349
*Conspiracy to Commit Wire Fraud*

18.    Paragraphs 1 through 17 are realleged and incorporated as if fully set forth here.

19.    Beginning at least in or around March 2020 and continuing until at least in or around December 2021, in the Eastern District of Michigan and elsewhere, the defendants,

**TOYA JENEL PRITCHARD and
WILLIAM DAVID CAMPBELL,**

and others, known and unknown to the Grand Jury, did knowingly, intentionally, and voluntarily combine, conspire, confederate, and agree to engage in fraud and commit the crime of wire fraud in violation of Title 18, United States Code, Section 1343, that is to knowingly devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, causing to be transmitted, by means of wires in interstate and foreign commerce, signals for the purpose of executing the scheme and artifice.

-7-

## Object of the Conspiracy

20. The grand jury realleges and incorporates by reference Paragraph 12 of this Indictment as though fully set forth herein as a description of the object of the conspiracy.

## Manner and Means

21. The grand jury realleges and incorporates by reference Paragraphs 13 through 17 of this Indictment as though fully set forth herein as a description of the manner and means of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-7
### 18 U.S.C. §§ 1343 and 2
*Wire Fraud*

22.    Paragraphs 1 through 21 of this Indictment are realleged and incorporated as if fully set forth here.

23.    On or about the dates specified as to each count below, in the Eastern District of Michigan, and elsewhere, the defendants, as specified below, knowingly executed, attempted to execute, and/or aided and abetted the execution of a scheme and artifice to engage in fraud, defraud, and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and caused to be transmitted, by means of wire communication in interstate and foreign commerce, signals for the purpose of executing such scheme.

### Purpose of the Scheme and Artifice

24.    The grand jury realleges and incorporates by reference Paragraph 12 of this Indictment as though fully set forth herein as a description of the purpose of the scheme and artifice.

The Scheme and Artifice

25. The grand jury realleges and incorporates by reference Paragraphs 13 through 17 of this Indictment as though fully set forth herein as a description of the scheme and artifice.

Wire Communications in Furtherance of the Scheme and Artifice

26. On or about the dates specified as to each count below, in the Eastern District of Michigan, and elsewhere, for the purpose of executing the scheme and artifice, the defendant or defendants identified below transmitted, caused to be transmitted, and aided and abetted the transmission, by means of wire communication in interstate and foreign commerce, the following signals and sounds, namely applications for PPP and EIDL loans, each submission constituting a separate count:

| Count | Defendant(s) | Date Submitted | Loan Type | Applying Entity |
|-------|-------------|----------------|-----------|-----------------|
| 2 | William David Campbell | May 3, 2020 | PPP | Heavy Weight Entertainment LLC |
| 3 | William David Campbell | May 8, 2020 | PPP | Grand River Real Estate Holdings |
| 4 | William David Campbell | May 18, 2020 | PPP | Heavy Weight Entertainment |
| 5 | William David Campbell | May 28, 2020 | PPP | Grand River Real Estate Commercial |
| 6 | Toya Jenel Pritchard and William David Campbell | July 9, 2020 | EIDL | Heavy Weight Entertainment |

| 7 | Toya Jenel Pritchard and William David Campbell | July 13, 2020 | EIDL | Grand River Real Estate Holdings LLC |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

27.     The allegations contained in Counts 1 through 7 of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(l)(C) together with 28 U.S.C. § 2461(c).

28.     Upon conviction of 18 U.S.C. § 1349 as set forth in Count 1 of this Indictment, and 18 U.S.C. §1343 and 2, as set forth in Counts 2 through 7, the defendant(s) shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s), pursuant to 18 U.S.C. § 981(a)(l)(C) together with 28 U.S.C. § 2461(c).

29.     **Money Judgment:** Such property further includes, but is not limited to, a money judgment in an amount to be determined, representing the proceeds the defendants obtained as a result of such violations.

30.     **Substitute Assets:** Pursuant to 18 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), each defendant shall forfeit substitute property, up to the value of the properties identified for forfeiture, if, by any act or omission of the defendant: the properties identified for forfeiture cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or

-12-

have been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

_s/ Grand Jury Foreperson_
GRAND JURY FOREPERSON

JEROME F. GORGON JR.
United States Attorney

_s/ John K. Neal_
John K. Neal
Chief, Anti-Corruption Unit

_s/ Davin M. Reust_
Davin M. Reust
Assistant U.S. Attorney

Dated: May 19, 2026

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cov** | Case: 2:26-cr-20292<br>Assigned To : Berg, Terrence G.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 5/19/2026<br>Description: IND USA V PRITCHARD ET AL (MRS) |
| --- | --- | --- |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to com

| **Companion Case Information** | **Companion Case Number:** |
| --- | --- |
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:**    D.M.R. |

**Case Title:** USA v. Toya Jenel Pritchard et al

**County where offense occurred :** Oakland and Others

**Check One:**    ☒Felony    ☐Misdemeanor    ☐Petty

> ✓ Indictment/____Information --- **no** prior complaint.
> ____Indictment/____Information --- based upon prior complaint [**Case number:**                    ]
> ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

> ☐ Corrects errors; no additional charges or defendants.
> ☐ Involves, for plea purposes, different charges or adds counts.
> ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
| --- | --- | --- |
|  |  |  |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

May 19, 2026
_____
Date

*s/ Davin M. Reust*
_____
Davin M. Reust
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone:313-226-0206
E-Mail address: davin.reust@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.